J-S35034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| RAMON WALL, | : | |
| | : | |
| Appellant | : | No. 1789 EDA 2015 |

Appeal from the PCRA Order June 3, 2015
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0005311-2013

BEFORE: FORD ELLIOTT, P.J.E., BENDER, P.J.E. and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED JUNE 17, 2016**

Ramon Wall ("Wall") appeals, *pro se*, from the Order dismissing his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). *See* 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court set forth the relevant underlying history as follows:

On March 1, 2013, [Wall] met his significant other, Chemyra Johnson ("Johnson"), at her place of employment and accused her of cheating on him. He then slapped her several times with an open palm and slammed her head into a metal gate while shouting obscenities at her. Later that day, the two of them arrived at Johnson's apartment, where [Wall] continued to accuse her of cheating on him and told her that the only way she would be rid of him would be if one of them were to die. Johnson snuck into her bathroom and called the police but [Wall] entered the bathroom and began to choke her. The police arrived at the apartment and rang the doorbell, at which time [Wall] turned off the lights. The police eventually were able to enter the apartment with the assistance of the landlord and arrested [Wall].

[Wall] was subsequently sentenced[,] pursuant to his negotiated plea[,] to 5 to 10 years[,] state incarceration plus 5 years[,] probation on the aggravated assault charge. On July 23, 2013,

[Wall] sent a *pro se* letter to th[e trial c]ourt requesting withdrawal of his guilty plea. On August 12, 2013, th[e trial c]ourt informed [Wall] that, as more than 30 days had passed since his sentencing date, th[e trial c]ourt was without jurisdiction to [permit withdrawal of] the plea. On December 3, 2013, [Wall] filed a *pro se* [PCRA P]etition … arguing that trial counsel was ineffective for advising him to plead guilty.

… John P. Cotter, Esquire [("Cotter")], was appointed PCRA counsel. On March 19, 2015, [] Cotter filed a [***Turner***/***Finley***[1]] letter stating that the issues raised in [Wall's] [P]etition were without merit. On May 5, 2015, th[e PCRA c]ourt sent [Wall] a [N]otice pursuant to Rule 907, indicating that his [P]etition would be dismissed because [Cotter] had determined that the issues raised therein were without merit. On May 15, 2015, [Wall] sent a response to the 907 [N]otice. On June 3, 2015, after independent review of [Wall's] *pro se* [P]etition, [Cotter's ***Turner***/***Finley***] letter, and [Wall's] [response] to the 907 [N]otice, th[e PCRA c]ourt dismissed [Wall]'s petition …. On June 12, 2015, [Wall] appealed the dismissal of his PCRA [P]etition….

PCRA Court Opinion, 7/10/15, at 2-3 (footnote added).

On appeal, Wall raises the following questions for our review:

I.     [Whether] Exhibit A, along with A-1, validates that the attorney for the Commonwealth, trial counsel, [the] PCRA court, PCRA counsel[], court stenographer, clerk of court, and [the] trial court,[] as paid by the state[], … had violated [his rights pursuant] to Pa.R.Crim.P. Rule 230; 230(B)(3); 230(B)(1); and under the Fourteenth Amendment of the U.S. Constitution[,] as such relates to [Wall] being provided with … complete and unredacted discovery [materials] for inspection to perfect the issues raised on appeal[?]

II.    [Whether] Exhibit B, along with B-1, validates that[] the attorney for the Commonwealth,[] as paid by the state[], … had failed to present evidence and witnesses[] to

---

[1] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

establish a *prima facie* case[,] as such relates to an [indictment] again[st] [Wall?]

III.    [Whether] Exhibit C, C-1, C-2[,] C-3[,] C-4, [validates] that[] the [trial] counsel[,] as paid by the state[], … violate[d] the attorney/client privilege[,] as such relates to providing [Wall] with ineffective assistance of counsel[?]

Brief for Appellant at 6 (some capitalization omitted).

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

In his first claim, Wall contends that the PCRA court improperly withheld discovery from him. **See** Brief for Appellant at 10-12. Wall argues that he was not provided with various documents, including, *inter alia*, the grand jury transcripts, medical documents detailing the victim's injuries, DNA analysis, a log of his prison phone calls, the arrest and search warrants, witness statements, and investigation reports. **Id**. at 11-12; **see also id**. at 16-17.

On August 27, 2015, in response to Wall's "Application For Order Mandating Clerk Of Courts And/Or Court Stenographer To Fernish [*sic*] Court Records And Transcribed Notes Of Testimony *In Forma Pauperis*," this Court entered an Order directing the PCRA court to provide Wall with all requested documents and relevant notes of testimony. **See** Order, 8/27/15. The PCRA

- 3 -

court entered an Order on October 26, 2015, stating that it had provided all of the requested documents to Wall. *See* Order, 10/26/15.

Here, Wall does not demonstrate that the PCRA court committed any error after it provided him with the requested documents. To the extent Wall now seeks documents that he did not request, we conclude that such a claim is without merit. *See* Pa.R.Crim.P. 902(E)(1) (stating that under the PCRA, "no discovery shall be permitted at any stage of the proceedings, except upon leave of court after a showing of exceptional circumstances."). Based upon the foregoing, Wall is not entitled to relief on his first claim.

In his second claim, Wall contends that the prosecutor committed prosecutorial misconduct by not dismissing the charges against him. Brief for Appellant at 13. Wall argues that the Commonwealth failed to present evidence and witnesses to establish a *prima facie* case under the Indictment. *Id*. at 14-15, 18-20.

Here, Wall did not raise this claim in his PCRA Petition; thus, it is waived on appeal. *See Commonwealth v. Santiago*, 855 A.2d 682, 691 (Pa. 2004) (stating that "a claim not raised in a PCRA petition cannot be raised for the first time on appeal."). Moreover, even if he had raised the issue in his PCRA Petition, this claim is not cognizable under the PCRA. *See*

42 Pa.C.S.A. § 9543(a)(2).  Thus, Wall's second claim on appeal lacks merit.[2]

In his third claim, Wall contends that his plea counsel was ineffective for failing to investigate evidence and witnesses, file pretrial motions, explain the grand jury rules to him, and file a motion to dismiss the charges. Brief for Appellant at 21-34.

To succeed on such an ineffectiveness claim, Wall must demonstrate by the preponderance of the evidence that

> (1) [the] underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different.

**Commonwealth v. Ali**, 10 A.3d 282, 291 (Pa. 2010).  A petitioner's failure to satisfy any prong of the ineffectiveness test requires rejection of the claim.  **Commonwealth v. Burno**, 94 A.3d 956, 972 (Pa. 2014).  Counsel is presumed to be effective, and the burden is on the appellant to prove otherwise.  **Commonwealth v. Watkins**, 108 A.3d 692, 702 (Pa. 2014).

> A criminal defendant has the right to effective counsel during a plea process as well as during trial.  The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty.  Instead, the defendant must show that counsel's deficient stewardship resulted in a manifest

---

[2] Wall also baldly claims that his negotiated sentence was illegal pursuant to **Alleyne v. United States**, 133 S. Ct. 2151 (2013).  Brief for Appellant at 13.  However, Wall did not raise this claim in his PCRA Petition, nor has Wall demonstrated that **Alleyne** applies to his case.  **See Santiago**, 855 A.2d at 691.  To the extent Wall raises a sufficiency of evidence claim, we conclude that the claim is waived for failing to raise it in his PCRA Petition.  **See id**.

injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. Therefore, allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea.

Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court. To withdraw a plea after sentencing, a defendant must make a showing of prejudice amounting to "manifest injustice." A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently. A defendant's disappointment in the sentence imposed does not constitute "manifest injustice."

***Commonwealth v. Bedell***, 954 A.2d 1209, 1212 (Pa. Super. 2008)

(citations, brackets, and quotation marks omitted).

In order to ensure a voluntary, knowing, and intelligent plea, trial courts are required to ask the following questions in the guilty plea colloquy:

1)  Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?

2)  Is there a factual basis for the plea?

3)  Does the defendant understand that he or she has the right to a trial by jury?

4)  Does the defendant understand that he or she is presumed innocent until found guilty?

5)  Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Id*.; *see also* Pa.R.Crim.P. 590, cmt. "The guilty plea colloquy must affirmatively demonstrate that the defendant understood what the plea connoted and its consequences." *Commonwealth v. Lewis*, 708 A.2d 497, 501 (Pa. Super. 1998). "Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." *Commonwealth v. Stork*, 737 A.2d 789, 790 (Pa. Super. 1999) (citation and internal brackets omitted). "In determining whether a guilty plea was entered knowingly and voluntarily, ... a court is free to consider the totality of the circumstances surrounding the plea." *Commonwealth v. Flanagan*, 854 A.2d 489, 513 (Pa. 2004) (citation and internal quotation marks omitted).

At the plea colloquy, Wall stated that he understood the English language, and that he was not under the influence of alcohol or drugs. *See* N.T., 6/10/13, at 3. Wall understood the charges against him, and admitted to the facts that led to those charges. *Id*. at 4, 6-8. Wall also stated that by pleading guilty, he understood that he was foregoing certain rights, including, *inter alia*, the presumption of innocence, the right to a jury trial, and most of his direct appeal rights. *Id*. at 4-5, 12-13. Wall affirmed that he was pleading guilty of his own free will and that he was satisfied with his attorney's representation. *Id*. at 3, 5. Further, the trial court informed Wall

about the maximum possible sentence and thereafter, imposed the negotiated sentence. *Id*. at 4, 10.

Based upon our review of the totality of the circumstances, we conclude that Wall knowingly and voluntarily entered the guilty plea. Wall has not argued or demonstrated that plea counsel's alleged errors caused him to tender an unknowing and involuntary plea. *See* PCRA Court Opinion, 7/10/15, at 5; *see also Bedell*, 954 A.2d at 1212. Indeed, Wall accepted the factual basis of the guilty plea and admitted to committing aggravated assault. Moreover, Wall confirmed that he understood the rights he was foregoing by pleading guilty, indicated that he was pleased with the representation of counsel, and stated that no one had coerced him into pleading guilty. *See Commonwealth v. Muhammad*, 794 A.2d 378, 384 (Pa. Super. 2002) (stating that appellant cannot claim that he involuntarily entered a guilty plea where he stated that no one threatened him to plead guilty); *see also Commonwealth v. Tareila*, 895 A.2d 1266, 1267 (Pa. Super. 2006) (stating that "[t]he entry of a guilty plea constitutes a waiver of all defects and defenses except lack of jurisdiction, invalidity of the plea, and illegality of the sentence."). In light of the guilty plea colloquy, we conclude that Wall knowingly and voluntarily entered the guilty plea, and that Wall's claims of ineffective assistance of plea counsel do not entitle him to relief. *See Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011) (stating that a person who elects to plead guilty is bound by

the statements he made during the plea colloquy and may not later assert grounds for withdrawing the plea which contradict those statements); *Lewis*, 708 A.2d at 502 (noting that where the appellant stated at his colloquy that he was satisfied with counsel's representation, appellant's ineffective assistance of counsel claim was without merit); ***Commonwealth v. Shekerko***, 639 A.2d 810, 815 (Pa. Super. 1994) (concluding that because appellant's plea was knowingly entered, plea counsel was not ineffective).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/17/2016